NOT DESIGNATED FOR PUBLICATION

No. 112,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ALVIN BROWN,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed December 18, 2015. Affirmed in part and dismissed in part.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam*: Alvin Brown appeals his sentence following his convictions of two counts of theft in two consolidated cases. Brown asserts that the district court violated his constitutional rights by classifying his pre-1993 convictions of burglary and aggravated burglary as person felonies for criminal history purposes. He also claims the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the State did not include his prior convictions in the charging document and did not prove those convictions to a jury beyond a reasonable doubt. For the reasons stated herein, we affirm in part and dismiss in part.

1

On May 30, 2014, Brown pled guilty to two counts of felony theft. The presentence investigation (PSI) report showed that Brown had 99 prior convictions, including five pre-1993 Kansas convictions of burglary (residence) and one pre-1993 Kansas aggravated burglary conviction. These six prior convictions were scored as person felonies for criminal history purposes, resulting in a criminal history score of A.

Relying on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015), Brown filed a presentence motion to challenge the classification of his five pre-1993 burglary convictions and one pre-1993 aggravated burglary conviction as person felonies. The district court denied Brown's challenge to his criminal history score and proceeded with sentencing on August 27, 2014. The district court imposed a controlling sentence of 15 months' imprisonment with 12 months' postrelease supervision. Brown timely appealed his sentence.

On September 10, 2015, the State filed a notice of change in custodial status as required by Supreme Court Rule 2.042 (2015 Kan. Ct. R. Annot. 18). The notice informed this court that Brown completed his prison sentence and was released from State custody on September 6, 2015. Brown did not challenge the State's notice.

Brown's appellate brief renewed his argument that he was entitled to relief under *Murdock*. He also raised a new argument for the first time on appeal that the district court violated his constitutional rights under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), by classifying his pre-1993 convictions as person felonies because such a classification required judicial fact-finding that went beyond merely finding the existence of a prior conviction.

The State filed a brief pointing out that Brown is not entitled to any relief under *Murdock* because that decision had been overruled by the Kansas Supreme Court in *Keel*.

The State's brief acknowledged that Brown "may have been entitled to some relief regarding his five prior burglary convictions in light of the decision in [*State v. Dickey*, 301 Kan. 1018, Syl. ¶ 8, 350 P.3d 1054 (2015)]." However, the State's brief argued that Brown's appeal is moot on this issue because he has served the entire confinement portion of his sentence and is now on postrelease supervision.

Brown filed a reply brief and acknowledged that the Kansas Supreme Court's decision in *Keel* renders the portion of his argument based on *Murdock* without merit. However, Brown argues that he is entitled to relief under *Dickey* regarding the pre-1993 Kansas burglary convictions and that his appeal is not moot on this issue.

Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314. We have unlimited review of the State's claim that the appeal is moot. See *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

As both parties acknowledge, our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Residential burglary and aggravated burglary were scored as person felonies in Kansas at the time Brown's current crimes of theft were committed in 2014. See K.S.A. 2013 Supp. 21-5807(c)(1)(A); K.S.A. 2013 Supp. 21-5807(c)(3). Based on *Keel*, the district court did not err in classifying Brown's pre-KSGA convictions as person felonies for criminal history purposes.

But as the State acknowledges, Brown would be entitled to relief under *Dickey*. The classification of a prior burglary conviction for criminal history purposes is

3

controlled by K.S.A. 2014 Supp. 21-6811(d). Prior to the enactment of the KSGA, the Kansas burglary statute did not distinguish between residential and nonresidential structures. As a result, the district court was constitutionally prohibited from classifying Brown's pre-1993 burglary convictions as person felonies because doing so necessarily resulted from the district court making a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary convictions. Thus, Brown's pre-1993 burglary convictions should have been classified as nonperson felonies for criminal history purposes. See *Dickey*, 301 Kan. 1018, Syl. ¶ 8.

We now turn to the State's claim that Brown's appeal is moot. The State points out that the district court imposed a controlling sentence of 15 months' imprisonment with 12 months' postrelease supervision. Brown has served his 15-month prison sentence and is now on postrelease supervision. The State argues that Brown's postrelease supervision term is determined by the severity level of his crimes of conviction, not by his criminal history score. Thus, even if this court remanded for resentencing and the pre-1993 burglary convictions were scored as nonperson felonies, Brown would still be subject to his 12-month postrelease supervision term. Thus, the State argues that remanding Brown's case for resentencing would be ineffectual for any purpose.

Kansas appellate courts generally do not decide moot questions or render advisory opinions. *Hilton*, 295 Kan. at 849. The mootness doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to "determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). However, an appeal will not be dismissed as moot, unless it clearly and convincingly appears the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. 295 Kan. at 840.

4

Brown attempts to use math to explain how the issue is not moot, arguing that his total sentence (time in prison plus time on postrelease supervision) would be affected by a different criminal history score:

> "Because Mr. Brown's postrelease sentence is not yet complete, his sentence is still affected by his criminal history score. Mr. Brown's sentence was 15 months for the consolidated cases. . . . If Mr. Brown is revoked on postrelease, he must serve the remainder of his postrelease period so his prison sentence effectively could be up to 27 months. K.S.A. 21-6804(e)(2). If Mr. Brown's criminal history score is corrected to . . . C (one person and one nonperson felony) and he was revoked on postrelease, he would effectively have, at most, a 25 month sentence: [a] 13 month prison sentence and the 12 month postrelease prison term from the violation of his postrelease. If the district court again imposed the mitigated term, then his sentence would effectively be 23 months; an 11 month prison sentence and the 12 month postrelease prison term from the violation of his postrelease. Therefore, Mr. Brown's criminal history impacts his sentence, even while on postrelease."

Brown's explanation does not take into account the fact that the prison portion of his sentence is separate and distinct from the postrelease portion of his sentence. In *State v. Gaudina*, 284 Kan. 354, 160 P.3d 854 (2007), the defendant's sentence was reduced after a successful appeal and he requested that the excess sentence be credited towards his postrelease supervision term. 284 Kan. at 356. The *Gaudina* court noted that the postrelease supervision portion of the sentence does not begin until after the confinement portion of the sentence has been served. 284 Kan. at 358. The court held the defendant was "not entitled to credit against a postrelease supervision period" for the portion of his sentence that had been reduced on appeal. 284 Kan. at 368.

Here, Brown argues that a corrected sentence would affect the total time he must serve in prison if he eventually fails on postrelease supervision and is placed in prison to serve the remaining time. However, this argument does not comport with the holding in

5

*Gaudina*, which notes that the confinement portion of a sentence is separate and distinct from the postrelease portion of a sentence. 284 Kan. at 358.

Brown seeks resentencing, but both parties acknowledge that he has satisfied the confinement portion of his sentence. He is currently serving the 12 months of postrelease supervision. As the State argues, the length of postrelease supervision is determined by the severity level of Brown's crimes of conviction, not by his criminal history score. See K.S.A. 2014 Supp. 22-3717(d)(1). Even if this court remanded Brown's case for resentencing and his criminal history score was changed based on *Dickey*, Brown would be in the exact position he occupies now, *i.e.*, he would still be on postrelease supervision and the remaining term of the postrelease supervision would be the same.

Because Brown has completely served the confinement portion of his sentence, any remand for resentencing would be ineffectual for any purpose. Thus, Brown's appeal on this issue is dismissed as moot. If Brown is sentenced for a new crime in the future, he can challenge the classification of his pre-1993 burglary convictions at that time.

Finally, Brown claims his sentence violates the Sixth and Fourteenth Amendments of the United States Constitution under *Apprendi*, because the State did not include his prior convictions in the charging document and did not prove those convictions to a jury beyond a reasonable doubt. See 530 U.S. at 477. In *State v. Ivory*, 273 Kan. 44, 45-46, 41 P.3d 781 (2002), our Supreme Court rejected the argument Brown makes here. This court is duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). There is no indication that our Supreme Court is departing from its holding in *Ivory*. See *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014). Accordingly, Brown's *Apprendi* claim fails.

Affirmed in part and dismissed in part.

6